[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter was tried on May 24, 1991. Plaintiff seeks compensation for merchandise sold and delivered and services provided to defendant in connection with the interior design and furnishing of a condominium owned by Defendant at Coddington Landing, Newport, R.I. Defendant counterclaims for breach of contract. Following the trial of said claims, the Court found for the plaintiff on its claim awarding damages in the amount of $8,334. The Court also found for Defendant on his counterclaim and awarded damages in the amount of $5,400. The net effect of said award results in a recovery of $2,934 by Plaintiff from Defendant. At the time the Court reached its findings as above noted, the Court indicated it would issue a written decision setting forth the basis of said findings.
The Court finds that the plaintiff failed to provide the merchandise and services for which Defendant had contracted. Moreover, what was supplied was in some instances defective and was not provided within a time from the parties had agreed upon. Furthermore, the Court finds that the Contract was to be capped at $40,000, and that as such the plaintiff did not have authority to incur expenses beyond that amount.
Plaintiff's assertion that Defendant was willing to have the interior decorating job completed by as late as September, 1983 is not credible. It is much more likely, as Defendant contends, that he had agreed to a mid-summer completion. Given that time frame, he would have enjoyed summer occupancy in what was an "America's Cup" summer. Much of the work performed by plaintiff was incomplete. The record is replete with testimony in that regard. Photographic evidence also vividly depicts in many instances the lack of quality of Plaintiff's work. The Court does not accept Plaintiff's contention that the completion of his work and the manner in which it was done was due to the unit itself not being fully constructed. The unit was substantially completed in a timely fashion to permit plaintiff to complete the decorating work within the time frame agreed upon.
The above findings, notwithstanding, the Defendant chose to retain certain merchandise which had been provided to him by plaintiff. Plaintiff has testified that an average of one-third of mark-up over cost of merchandise was the manner in which he was to be compensated for his services.[1]
Given the breach by Plaintiff, the Court determines that plaintiff is not entitled to the one-third mark-up so-called. Plaintiff is entitled to recover the cost of the merchandise provided inclusive of sales tax paid thereon. After a careful analysis of Plaintiff's Exhibit A, the Court has determined that $33,334 reasonably compensates Plaintiff for such cost and corresponding sales tax. In that Defendant has already received from Plaintiff $25,000, the plaintiff is entitled to recover an additional $8,334.
The Court also finds that due to plaintiff's failure to complete the job in a good and workmanlike manner and within the time frame agreed upon, Defendant is entitled to recover on his counterclaim for the loss of use of the property. The Court finds that his use was disrupted for at least six months beyond the date the unit should have been completed. The Court awards $900 for each such month as reasonable compensation for loss of use. Accordingly the Defendant is entitled to recover $5,400 on his counterclaim. Reducing Plaintiff's award by the award on Defendant's counterclaim, Plaintiff is entitled to recover $2,934 plus interest.
Counsel shall prepare judgment in accordance with the Court's decision.
[1] "Mark-ups" varied from item to item. Plaintiff testified the mark-up for all items averages 33%.